## Olson v. Preston St. Road Water Dist. No. 1 et al.

March 28, 1941.

Woodward, Dawson & Hobson and Franklin P. Hays for appellant.

Robert L. Sloss and Willis & Sloss for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

According to the allegations of the petition, the Preston Street Road Water District No. 1 has been duly organized as a corporation under the provisions of Kentucky Statutes, Sections 938g-1 to 938g-27, inclusive, and the object of this declaratory judgment proceeding is to determine (1) whether the District may issue bonds secured by a pledge of the revenues to be derived from its operations as well as the required lien assessment against the property within the District; (2) whether the bonds will be invalid if sold for less than their par value plus accrued interest; and (3) whether they can be made negotiable. The Chancellor, by his decree, answered these questions in the affirmative, and the plaintiff taxpayer, suing on behalf of all other persons similarly situated and whose property is within the boundaries of the District, has appealed.

It is agreed that because of the rapid increase in the population, the lack of water, and the threat of epidemic, the exigencies of the situation require a prompt determination of the correctness of the decree. Hence, without further elaboration of the factual situation, we will dispose of the objections urged by the appellant.

1. It is proposed that the bonds to be issued shall contain the following provision, which we set forth in order to present more clearly the questions involved:

"This bond and the issue of which it is a part are general obligations of said District and are issued in anticipation of the collection of special assessments duly assessed upon and against the several lots and parcels of real estate located in said District and in anticipation of all other revenues of the District. A special fund identified as the 'Pres-

ton Street Road Water District No. 1 Bond and Interest Redemption Fund' has been established with amounts stipulated to be paid into said Fund which amounts will be sufficient to pay the principal hereof and interest hereon, as when the same shall become due and payable. Said Fund, said special assessments and the liens therefor and said revenues are hereby pledged exclusively for the payment of the interest on and the principal of this bond and the issue of bonds of like date and tenor of which this bond is one. It is hereby covenanted by said District and said Board of Water Commissioners that they will maintain said special fund and will use due diligence in the collection of said special assessments when due, and if any portion of said assessments is not paid when due, will take the steps necessary to collect same and/or will fix such rates for water and water service and will collect and account for income and revenues from such system sufficient to promptly pay the principal and interest on this bond and the issue of which it forms a part as the same shall become due.

"This bond is fully negotiable and shall pass by delivery only. The District shall treat the holder of this bond, or any of the coupons hereof, as the absolute owner thereof."

We find nothing in the applicable Statutes (938g-1 to 938g-27, inclusive) which would prevent the pledge of the operative revenues as security for the payment of the bonds or their use for that purpose. It is true that the framers of the Act doubtless contemplated that the proceeds of the required assessments should be so utilized, but it is reasonable to presume that this contemplation arose from the obvious difficulty of obtaining construction funds on the pledge of operative revenue to be derived after construction had been completed. There is no provision in the Act requiring that the operating revenues be exclusively used for any specified purpose, and if they prove sufficient to liquidate the bonds which the District proposes to issue, the burden upon the property owners within the District will not be increased. The power to issue bonds, to establish water rates "and to do all things necessary to the operation and maintenance of a water system" is expressly conferred by the Statute, and we perceive no reason why

the Commissioners in their discretion may not pledge the operating revenues, as well as the proceeds of the assessments, as security for the payment of the bonds. Principles supporting these contentions will be found in Reconstruction Finance Corporation v. City of Richmond, 249 Ky. 787, 61 S. W. (2d) 631; State Bank & Trust Co. of Richmond v. Madison County, 275 Ky. 501, 122 S. W. (2d) 99.

2. There is nothing in the Act which would prohibit the sale of the proposed bonds for less than par plus accrued interest; and we have been cited no authority which would justify our holding that a public sale of the bonds would be invalid if a price less than par and accrued interest was accepted by the Commissioners as the best price obtainable and adequate under the circumstances. Eagle v. City of Corbin, 275 Ky. 808, 122 S. W. (2d) 798; Klein v. City of Louisville, 224 Ky. 624, 6 S. W. (2d) 1104.

3. The bonds, as will be noted from the excerpt heretofore quoted, purport to be negotiable. If the assessments and the liens securing them were alone pledged in payment, and the purchaser was required to look to the proceeds of such assessments as the sole source of reimbursement, the bonds would lack the quality of negotiability. But, as before pointed out, all of the revenues of the water district are pledged for their payment, and any doubt as to the power of the District to issue negotiable bonds should be resolved in favor of the existence of the power. Hunter v. City of Louisville et al., 208 Ky. 326, 270 S. W. 841.

Judgment affirmed.

Whole Court sitting, except Judge Perry.